UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHLEEN PERREAULT, | Case No. 2:16-CV-809 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff Kathleen Perreault's ("plaintiff") motion to remand to state court. (ECF No. 5). Defendant Wal-Mart Stores, Inc., ("defendant") filed a response (ECF No. 11), to which plaintiff replied (ECF No. 13).

**I.   Facts**

This is a personal injury case. Defendant is a Delaware corporation with its principal place of business in Arkansas. (ECF No. 1-1). Plaintiff is a resident of Nevada. (ECF No. 1-2). Plaintiff slipped and fell on a substance on the floor of defendant's store, which resulted in injury to her person. (ECF No. 5).

On November 5, 2015, plaintiff filed a complaint for negligence in Nevada state court, requesting damages in excess of $10,000.00, special damages, reasonable attorney's fees, costs, and other appropriate relief. (ECF No. 1-2). Defendant was served with the complaint on November 12, 2015. (ECF No. 1-3). On December 2, 2015, defendant filed an answer. (ECF No. 1-4).

On March 9, 2016, plaintiff served a petition for exemption from arbitration (the "petition"), claiming $38,769.60 in past medical expenses and that the case "involves an amount in issue in excess of $50,000, exclusive of interest and costs." (ECF Nos. 1-1 at 2, 1-5). On April

**James C. Mahan**
**U.S. District Judge**

8, 2016, defendant removed the case to this court based on the petition. (ECF No. 1).

In the instant motion, plaintiff seeks remand of the action to state court, making two arguments in support: (1) defendant failed to timely file its notice of removal; and (2) defendant failed to prove that the case meets the requisite jurisdictional amount. (ECF No. 5). The court will address each in turn.

## II.     Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### III.     Discussion

#### *(a) Timeliness*

Plaintiff asserts that defendant's notice of removal was untimely because it was not filed within thirty (30) days of defendant receiving service of the complaint, which occurred on November 12, 2015, as required by 28 U.S.C. § 1446(b)(1). (ECF No. 5).

Defendant argues that notice of removal was timely under § 1446(b)(3) because the case became removable upon plaintiff filing her petition for exemption from arbitration (the "petition"). (ECF No. 1-1). In particular, defendant contends that the petition was the first paper from which the amount in controversy could be determined. (ECF No. 1-1).

In response, plaintiff maintains that defendant had knowledge of her medical expenses since May 2015, and those expenses remained unchanged. (ECF No. 5). Thus, according to plaintiff, the petition provided defendant with no new information that it did not already have at the time of the initial pleading. (ECF No. 5).

However, the petition did in fact provide defendant with new information. Specifically, in the petition, plaintiff claimed $38,769.60 in past medical expenses and acknowledged that the case exceeded the $50,000.00 arbitration jurisdictional limit, both of which depart from the $10,000.00 originally alleged in complaint. (ECF Nos. 1-2 at 4, 5 at 2, 11 at 16).

Notably, plaintiff even states that "[i]n spite of these medical records, Defendants extended a settlement offer of $28,000.00 to Plaintiff, demonstrating that the Defendant did not believe that this case exceeded the $75,000.00 jurisdictional requirement." (ECF No. 5 at 2).

Based on the foregoing, the court finds that removal was timely. Defendant was able to ascertain that plaintiff's case was removable only from the filing of her petition for exemption from arbitration. (ECF No.1-5). Defendant complied with the relevant statutory provision

allowing thirty (30) days from this date to remove the action. Accordingly, remand is not proper on these grounds.

### (b) *Amount in controversy*

Citing to *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993), plaintiff contends that "[d]efendant must establish that there is a reasonable probability that jurisdiction exists." (ECF No. 5 at 4). In particular, plaintiff argues that defendant merely relied on the possibility of plaintiff's claim exceeding $75,000.00 and failed to present appropriate evidence. (ECF No. 5 at 4).

*Shaw* is a Seventh Circuit case, not binding on this court. In fact, the Seventh Circuit has specifically retracted the very language plaintiff cites, stating that "*Shaw*'s mention of 'reasonable probability that jurisdiction exists' . . . has no role to play in determining the amount in controversy." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Carroll v. Stryker Corp.*, 658 F.3d 675, 680 n. 1 (7th Cir. 2011) ("In *Meridian Security Insurance Co.* . . ., we retracted language in previous opinions, beginning with *Shaw* . . ., suggesting that the proponent of jurisdiction must 'prove' to a 'reasonable probability' that jurisdiction exists.").

In this jurisdiction, a defendant is entitled to removal if it can demonstrate, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Sanchez*, 102 F.3d at 403–04. Defendant meets this standard in the instant case. Defendant attached plaintiff's complaint and petition for exemption from arbitration to its notice of removal. (ECF No. 1).

In the petition, plaintiff states that the amount in controversy for this case exceeds $50,000.00. (ECF No. 1-5). Plaintiff provides an itemized list of her current medical costs, totaling $38,769.60. (ECF No. 1-5 at 3). She also notes that "medical billings continue to trickle in." (ECF No. 1-5 at 3). Moreover, plaintiff's complaint seeks an amount in excess of $10,000.00, special damages, reasonable attorney's fees, costs, and other appropriate relief. (ECF No. 1-2).

Based on the foregoing, it appears likely that plaintiff's total requested damages exceed $75,000.00. Plaintiff characterizes her injuries as "permanently and/or partially disabl[ing]."

**James C. Mahan
U.S. District Judge**

- 4 -

1  (ECF No. 1-2 at 4). Accordingly, plaintiff requests multiple categories of past and future damages,
2  in addition to her $38,769.60 in medical costs. (ECF No. 1-5).

3  Furthermore, plaintiff does not assert that she seeks less than $75,000.00 and is apparently
4  unwilling to concede or stipulate to that fact. (ECF No. 5). Rather, plaintiff argues that the case
5  should be remanded because "the possibility that [p]laintiff's claim could go beyond $75,000.00
6  is insufficient to establish the $75,000.00 threshold requirement." (ECF No. 5 at 4). As discussed
7  above, this is not the applicable legal standard.

8  By reference to plaintiff's filings, defendant has met its burden of showing, by a
9  preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Accordingly,
10 plaintiff's motion to remand will be denied.

11 **IV.    Conclusion**

12 Accordingly,

13 IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to
14 remand to state court (ECF No. 5) be, and the same hereby is, DENIED.

15 DATED August 29, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -